# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LE'MON HORTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1785 CAS/TIA |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters.  Having reviewed the case, the undersigned recommends that the petition be dismissed.

### Background

Petitioner is currently serving a 15-year prison term at Southeast Correctional Center ("SECC") for domestic assault and kidnapping.  Troy Steele is petitioner's custodian and is the proper party respondent.

Petitioner's incarceration arose out of an incident that occurred on June 19, 2001.  Resp. Exh. A at 5; Resp. Exh. C at 7.  Through much of 2000 and 2001

petitioner and the victim were dating and sometimes lived together. Resp. Exh. D at 3. Petitioner became increasingly abusive towards the victim, and petitioner was particularly violent with the victim during an incident in November 2000. Id. On the morning of June 19, 2001, the victim was standing in front of her mother's home when petitioner forced her into his car. Resp. Exh. A at 7.[1] He drove her to a vacant building, forced her inside, and began beating and hitting her. Id.; Resp. Exh. D at 3. He tied her up with neckties and coat hangers and put her into a kitchen closet. Resp. Exh. D at 3. He hit her with his hands, a weed whacker, and a wrench, while threatening to kill her. Id. James Haynes and a woman called "Pimpsey"[2] helped petitioner assault and restrain the victim. Id. Later that evening, the victim eventually freed herself, escaped to a neighbor's house, and called 911. Id. Emergency medical personnel transported the victim to a hospital emergency room, where she was treated for multiple contusions and lacerations consistent with being struck with a wrench and a weed whacker. Id. The emergency room physician noticed the victim also had ligature marks on her wrists, ankles, and neck. Id. The next day, a city police officer discovered petitioner, another man, and a woman at the vacant building. Id. The police

---

[1]Respondent's Exhibit D incorrectly states that the incident occurred on September 19, 2001.

[2]Later identified as Felisse Rasheed.

officer searched the building and found, in or near the kitchen, a blood-stained necktie, coat hangers, duct tape, a weed whacker, and a wrench. Id.

Prosecutors charged petitioner with two counts of kidnapping and domestic assault relating to the June 19, 2001, incident, along with three counts of domestic assault and kidnapping for previous incidents. Resp. Exh. C at 7-9. On July 31, 2001, a grand jury indicted petitioner on the same counts. Id. at 11-13.

A bench trial was conducted in July 2002. Resp. Exh. C at 3. At trial, prosecution witnesses included the victim, the emergency room doctor and a staff nurse, police officers and a detective, the emergency medical technician, and a police crime laboratory technician. Resp. Exh. I. Petitioner, represented by counsel, did not testify at trial or put on any evidence. Resp. Exh. A at 10; Resp. Exh. B at 5. Petitioner lodged a motion for acquittal at the close of all evidence, arguing that sufficient evidence had not been introduced to support a conviction on any of the counts. Resp. Exh. I at 145. The court denied the motion. Id. at 146. On July 29, 2002, the trial court found petitioner guilty of kidnapping and domestic assault relating to the June 19, 2001, incident, but the court acquitted petitioner on the other three counts. Resp. Exh. C at 27. The court further found petitioner to be a prior and persistent offender under Missouri law. Id. The court sentenced petitioner to 15 years'

imprisonment on each count, with the sentences to be served concurrently. Id. at 32-33.

No notice of appeal was filed by trial counsel. Resp. Exh. A at 11. On April 29, 2003, the Missouri Court of Appeals granted petitioner's request to file a late notice of appeal. Id. On direct appeal, petitioner, represented by appointed counsel, argued that the trial court erred in denying the defense motion for judgment of acquittal because the evidence was insufficient to prove he either kidnapped or assaulted the victim; he further argued that the victim's trial testimony was so inconsistent and contradictory that it lacked credibility and probative value, and that a reasonable juror could not have believed beyond a reasonable doubt that he had committed either crime. Id. at 12.

The Missouri Court of Appeals summarily affirmed. Resp. Exh. D. In the memorandum supplementing the order affirming judgment, the court of appeals determined that there was sufficient evidence from which reasonable persons might have found each and every element of kidnapping and domestic assault beyond a reasonable doubt. Id. at 4. The court of appeals rejected petitioner's argument that the victim's testimony was so contradictory that it inherently lacked credibility and thus failed to prove petitioner's guilt beyond a reasonable doubt. Id. The court of appeals noted that some of the contradictions cited by petitioner were not within the victim's

trial testimony, but between her trial testimony and her prior out-of-court statements, contradictions which were for the trial court as the trier-of-fact to reconcile and consider when judging the victim's credibility. Id. The court of appeals found that "the victim's prior inconsistent statements, while admissible for impeachment, did not destroy the prima facie probative effect of her subsequent trial testimony." Id. at 5. The court of appeals also noted that the contradictions cited by petitioner involved "non-essential differences between [the victim's] direct and cross-examination testimony," noting that "[c]ontradictions and inconsistencies in a victim's story related to non-essential details do not inherently make the evidence insubstantial or destroy the submissibility of the case." Id. The court of appeals noted that the victim

> consistently and without contradiction testified that, on [June 19, 2001,] [petitioner] grabbed her from her mother's yard, took her to a vacant house, tied her up, held her in a closet, and repeatedly and severely beat her with his hands, a wrench, and a weed whacker. Moreover, this latter testimony was consistent with the physical evidence and with the story she previously relayed to the authorities and to her treating physician.

Id. at 5-6.

Petitioner then filed a timely pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. The motion court appointed counsel, and motion counsel filed an amended motion raising three claims of ineffective assistance of trial counsel. Resp. Exh. G at 25. Petitioner argued that he was denied effective assistance of counsel because trial counsel failed to advise him of his right to testify in his own

defense and unreasonably advised him not to testify at trial, unreasonably advised him to waive his right to a jury trial and have the matter bench-tried, and failed to secure the attendance of favorable defense witnesses.  Id.  After an evidentiary hearing, at which petitioner, trial counsel, James Haynes, and Felisse Rasheed ("Pimpsey") testified, the motion court denied post-conviction relief.  Id. at 47-50.

On appeal, petitioner argued the motion court erred in denying the claims of ineffective assistance of counsel involving his right to testify and his waiver of a jury trial.  The Missouri Court of Appeals summarily affirmed the denial of post-conviction relief.  Resp. Exh. H at 1.  The court of appeals found that the motion court had found no deficient performance and had resolved this claim on the basis of witness credibility—trial counsel testified that he had discussed the issue with petitioner at length and that petitioner did not want to testify—and found that trial counsel was credible and that petitioner was not credible.  Id. at 4-5.  The court of appeals also agreed with the motion court that trial counsel did not unreasonably advise petitioner, as a matter of trial strategy, not to testify and to waive a jury trial, in light of petitioner's prior convictions and the number of counts in the indictment.  Id. at 9-12. The court of appeals also concluded that petitioner's "conclusory assertion that a jury trial would have resulted in a more favorable outcome is speculative, at best, and insufficient to demonstrate prejudice."  Id. at 11.

**Grounds for Relief**

1. The trial court erred in denying the motion for acquittal at the end of evidence because there was insufficient evidence to show that petitioner kidnapped or assaulted the victim.

2. Trial counsel was ineffective for recommending to petitioner that he waive his right to a jury trial, for failing to inform him that he had an absolute right to testify, and for failing to advise him to testify.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if

it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

A.    Ground One

In ground one, petitioner claims that the trial court erred in denying the motion for acquittal at the end of evidence because there was insufficient evidence to show that petitioner kidnapped or assaulted the victim. Petitioner claims that the victim's testimony was inconsistent and could not have persuaded a reasonable trier-of-fact that he committed the crimes.

Respondent argues both that the state put on sufficient evidence to convict petitioner and that the state courts' ruling on this issue was not contrary to or an unreasonable application of clearly established federal law.

Under clearly established federal law, the "relevant question [to determine whether the evidence was sufficient to support a criminal conviction] is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Additionally, the United States Court of Appeals for the Eighth Circuit has stated that "the sufficiency of the evidence after a bench trial [must be reviewed] in the light most favorable to the verdict, upholding the verdict if a reasonable factfinder could find the offense proved beyond a reasonable doubt, even if the evidence rationally supports two conflicting hypotheses." United States v. Kain, 589 F.3d 945, 948 (8th Cir. 2009) (citation and quotation omitted). Finally, this Court is "not permitted to conduct [its] own inquiry into witness credibility"; this question is reserved for the trier-of-fact. Robinson v. La Fleur, 225 F.3d 950, 954 (8th Cir. 2000).

The Missouri Court of Appeals analyzed this question under the same sufficiency of the evidence standard as set forth above. Resp. Exh. D at 2. The court then set forth the evidence under which petitioner was convicted, including the petitioner's testimony and the testimony of the other state's witnesses, and found the evidence to be sufficient to support the conviction. Id. at 3-4. The court further noted that petitioner essentially conceded that the victim's testimony made a prima facie case against him, but that petitioner appeared to be attempting to invoke Missouri's doctrine of "destructive

contradictions"[3] by arguing that the petitioner's previous out-of-court statements were so contradictory to her in-court statements that they justified acquittal as a matter of law. Id. at 4. After looking at the issue, the court found that the doctrine was inapplicable.

After reviewing the Missouri Court of Appeals's reasoning, this Court finds that its judgment was not contrary to or an unreasonable application of clearly established federal law. The court invoked the proper standard for reviewing the sufficiency of the evidence, and the court's application of that standard was reasonable. Furthermore, the court's application of the doctrine of "destructive contradictions" was a matter of state law and is not reviewable by this Court. As a result, petitioner is not entitled to relief on ground one of the petition.

---

[3]"The doctrine of 'destructive contradictions' provides that a witness's testimony loses probative value when his or her statements at trial are so inconsistent, contradictory and diametrically opposed to one another that they rob the testimony of all probative force." T.L.C. v. T.L.C., 950 S.W.2d 293, 295 (Mo.App. W.D.1997). It is properly invoked only when "the testimony is so 'inherently incredible, self-destructive or opposed to known physical facts' on a vital point or element that reliance on the testimony is necessarily precluded." State v. Wright, 998 S.W.2d 78, 81 (Mo. App. 1999).

2.	<u>Ground Two</u>

In ground two, petitioner claims that trial counsel was ineffective for recommending to petitioner that he waive his right to a jury trial, for failing to inform him that he had an absolute right to testify, and for failing to advise him to testify.

To prevail on a claim of ineffective assistance of counsel on direct appeal, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002).

The motion court held an evidentiary ruling on petitioner's ineffective assistance of counsel claims. Trial counsel testified that he had over 50 years of experience with criminal cases, both as a prosecutor and defender. Resp. Exh. J at 18-19. Counsel further testified that the reason he advised petitioner to opt for a bench trial was that he thought that the number of counts against him "would overwhelm a jury" and that, in the event that petitioner was to testify on his own behalf, he would be better off with

-12-

a bench trial due to his criminal history.  Id. at 5.  Counsel further testified that he informed petitioner that he had a right to testify if he wished.  Id. at 6.  Counsel further testified that he discussed whether petitioner should testify on his own behalf at trial and that petitioner "emphatically" agreed that he should not.  Id. at 15.  And counsel testified that part of the reason he advised petitioner not to testify was his criminal history was "burdensome."  Id.

The motion court analyzed petitioner's ineffective assistance of counsel claims pursuant to Strickland.  The court decided that trial counsel was a credible witness. The court further found that counsel's decision to advise petitioner against testifying was based on reasonable trial strategy.  The court further found that the record clearly refuted petitioner's claim that counsel was ineffective for waiving a jury trial.  And the court found that petitioner had failed to demonstrate Strickland prejudice on his claims. The Missouri Court of Appeals reviewed the ineffective assistance of counsel claims under the Strickland standard and found that the motion court did not clearly err in its ruling.

The Missouri courts' opinions are not contrary to or an unreasonable application of clearly established federal law.  The courts applied the Strickland standard in a reasonable manner.  As a result, petitioner is not entitled to relief on ground two of the petition.

## Conclusion

For these reasons, the undersigned recommends that the petition be dismissed without further proceedings. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right. As a result, the undersigned further recommends that no certificate of appealability issue. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation. Fail to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  19th  day of July , 2010.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE
